IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JERMAINE GIBBS, | ) | |
|---|---|---|
| Plaintiff, | ) | NO. 3:23-CV-01047 |
| v. | ) | JUDGE RICHARDSON |
| LIEUTENANT CHARLES STEVENS, in his individual capacity; CAPTAIN DARRELL JONES, in his individual capacity; OFFICER MADISON CAMPBELL, in her individual capacity; OFFICER DAKOTA TAYLOR, in his individual capacity; and DANIEL QUEVEDO in his individual capacity, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff brought this lawsuit against Defendants, the Tennessee Department of Correction ("TDOC"), Warden Tony Mays (in his official and individual capacities), and the following individuals in their respective individual capacities: Lieutenant Charles Stevens, Captain Darrell Jones, Officer Madison Campbell, Officer Dakota Taylor, Steven White,[1] and Daniel Quevedo.

Recently, the Court resolved "Defendants' Motion to Dismiss" (Doc. No. 52, "Prior Motion"), whereby all defendants except Quevedo[2] and (the now-dismissed) White sought

---

[1] In the original complaint (Doc. No. 1), Plaintiff listed Steven White as one of the defendants in this matter. In filing the "First Amended Complaint," Plaintiff omitted Steven White as a named defendant and explained that he mistook White for new Defendant Daniel Quevedo, thus naming White by mistake. (Doc. No. 47 at ¶ 53). Defendants, in their subsequent two respective motions to dismiss (Doc. Nos. 52 and 60), went along with Plaintiff's change and removed White from the captions in those documents. Consistent with the parties' treatment of Steven White, the Court has had White terminated as a Defendant. (Doc. No. 94 at 22-23). The Court notes that its caption above omits White, as well as the other two dismissed Defendants, i.e., TDOC and Warden Mays.

[2] At the time the Prior Motion was filed, "[n]ewly named Defendant Daniel Quevedo [was] not . . . represented by [counsel for the other Defendants]." (Doc. No. 52 at n. 1). In the intervening period, the other Defendants' counsel became counsel also for Defendant Quevedo.

dismissal of the four-count Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In its order resolving the Prior Motion (Doc. No. 94, "Prior Order"), the Court first dismissed from this action both TDOC and Defendant Mays to the extent sued in his official capacity (which he was in Counts II and III), due both to a failure to state a claim against them and to the applicability of Eleventh Amendment immunity. (Doc. No. 94 at 9-12). Later in the Prior Order, the Court dismissed Counts II and III, which were brought solely against Defendant Mays, based on failure to exhaust administrative remedies.[3] (*Id.* at 18-20). As for Count IV, the Court declined to dismiss it. (*Id.* at 20-22).

That leaves Count I, which is brought against various Defendants, including Defendant Quevedo, and is the only claim against Defendant Quevedo. The Prior Motion's sole argument for dismissal of that count was an alleged failure by Plaintiff to exhaust his administrative remedies with respect to that count. The Court rejected that argument in some detail, in a discussion the Court will not repeat herein but incorporates herein by reference. (*Id.* at 14-18).

That brings the Court to a motion currently pending before it, namely "Defendant Daniel Quevedo's Moton to Dismiss" (Doc. No. 60 at 1, "Instant Motion"). Defendant Quevedo supports the Instant Motion with a memorandum of law (Doc. No. 61, "Memorandum"). Plaintiff responded with "Plaintiff's Response to Defendant Daniel Quevedo's Motion to Dismiss [ECF 60] and Incorporated Memorandum of Law" (Doc. No. 53, "Response"). Thereafter, Defendant Quevedo

---

[3] To clarify, this basis for dismissal actually was an *alternative* basis of dismissal with respect to the official-capacity claims asserted in Count II and III. As noted above, the Court already had decided to dismiss the official-capacity claims against Defendant Mays—which were contained in Counts II and III (and only Counts II and III)—prior to the Court deeming them subject to dismissal anyway for failure to exhaust administrative remedies. Unlike Count III, however, Count II asserted a claim against Defendant Mays also in his individual capacity, and the Count II individual-capacity claim was dismissed based solely on failure to exhaust administrative remedies.

filed "Defendant Officer Daniel Quevedo's Reply in Further Support of Motion to Dismiss" (Doc. No. 75, "Reply").

Defendant Quevedo did not have counsel at the time the Prior Motion was filed and thus, unsurprisingly, was not among the Defendant-movants filing the Prior Motion. He thereafter retained the same counsel that filed the Prior Motion on behalf of those Defendant-movants, however, so it is unsurprising that his counsel filed a motion on Defendant Quevedo's behalf (the Instant Motion) that is based on the same grounds asserted in the Prior Motion with respect to Count I (the sole count against Defendant Quevedo).

Having reviewed the Instant Motion, the Memorandum, the Response, and the Reply, the Court is satisfied that its analysis in the Prior Order rejecting the Prior Motion's argument for dismissal of Count I is in all material respects applicable to the Instant Motion. Accordingly, the Court is satisfied that the outcome announced in the Prior Order as to Count I as applicable to the Instant Motion.

Therefore, the Instant Motion (Doc. No. 60) is DENIED.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE